**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

V.M., AN INDIVIDUAL, Case No. ____________

Plaintiff,

vs.

G6 HOSPITALITY PROPERTY LLC,

Defendant.

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff V.M. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by V.M. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject hotel premises, each operating as Motel 6, located at (i) 5101 West Century Blvd, Inglewood, CA 90304 ("Century Hotel"), and (ii) 111 West Redlands Blvd, San Bernardino, CA 92408 ("San Bernardino Hotel") (collectively, the "subject hotels"), during the relevant time period that Defendant owned said properties, and as such was responsible for the subject hotels during the time period Plaintiff was sex trafficked on said premises.

3. Defendant was the owner and operator of the Century Hotel located at 5101 West Century Blvd, Inglewood, CA 90304, and of the San Bernardino Hotel located at 111 West Redlands Blvd, San Bernardino, CA 92408, during the relevant time periods.

4. Plaintiff was trafficked at 5101 West Century Blvd, Inglewood, CA 90304 and at 111 West Redlands Blvd, San Bernardino, CA 92408 intermittently in 2016 through and inclusive of 2019.

5. During the relevant time period, Defendant was owner and operator of the subject premises.

6. Plaintiff was born in 1994.

7. Plaintiff meets the definition of a sex trafficking victim under the TVPRA. She was trafficked at the subject hotels as an adult intermittently from 2016 through and inclusive of 2019, during which time she was induced through force, fraud, and coercion, including physical assault and being branded by her trafficker with a tattoo, by her trafficker to have sex with sex buyers on Defendant's subject premises.

8. As a hotel owner and hotel operator of the subject properties, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject properties where Plaintiff was sex trafficked.

9. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

10. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were

available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

11. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

**PARTIES**

12. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

13. Plaintiff is currently a resident of Arizona.

14. At all times relevant and material, Defendant owned and operated hotels doing business as Motel 6 at 5101 West Century Blvd, Inglewood, CA 90304 and at 111 West Redlands Blvd,

San Bernardino, CA 92408, and was authorized to do, licensed to do, and was doing business in the aforesaid State offering the subject hotels as places of public lodging.

15. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

**JURISDICTION AND VENUE**

16. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

18. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

19. As the hotel owner and hotel operator during the relevant time period for the subject properties, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject properties where Plaintiff was sex trafficked.

**CAUSE OF ACTION**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

20. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

21. At all relevant times, Defendant, as owner and operator of the subject hotels, was involved in the staffing and operation of Defendant's subject hotels where Plaintiff was trafficked for sex as an adult during the relevant aforesaid time periods.

22. Plaintiff was trafficked by her trafficker, a male individual known to Plaintiff as "D," whose full legal name is presently unknown, who was a member of a Los Angeles street gang known to Plaintiff as "Neighborhood," and who operated a commercial sex trafficking and drug dealing enterprise at the subject hotel premises.

23. Rooms rented for the trafficking of Plaintiff were rented by Plaintiff at the direction of the trafficker at the subject hotels during the relevant time period, including rooms registered in the name of Plaintiff and paid for in cash, and including, at times, two rooms rented simultaneously, at times adjacent to one another.

24. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction, including Plaintiff), booked the room at the subject hotels that was used for the sex trafficking of the Plaintiff in violation of the TVPRA:

    a. Under the registrant's proper legal name or a false name;

    b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

    c. Whether staff of Defendant required for each booking that the renter show their identification.

25. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotels by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker, including by Plaintiff) that was used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA during the aforesaid relevant time periods.

26. Defendant rented rooms at the subject hotels to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

27. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for the rooms rented at the subject hotels during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

28. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur, as Plaintiff was advertised by her trafficker online through cityxguide, and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

29. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

30. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

31. Defendant operating the subject hotels and renting out rooms to Plaintiff's trafficker (or at the direction of the trafficker, including to Plaintiff) was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

32. Defendant G6 HOSPITALITY PROPERTY LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker, including by Plaintiff) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

33. Defendant's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker, including Plaintiff) at the subject hotels was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotels were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

34. A continuous business relationship existed between Defendant's hotels, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker at the subject hotels by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

35. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment

for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker, including by Plaintiff) at the subject hotels that was used for sex trafficking, including as to the Plaintiff, during the aforesaid relevant time periods.

36. Defendant participated in a venture by operating the subject hotels and renting rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

37. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotels in violation of the TVPRA.

38. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

39. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's subject hotels, including as to the Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

   a. Steady foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff at the subject hotels;

   b. Plaintiff was visible to Defendant's staff at the subject hotels on hotel grounds and during direct interactions, appearing visibly impaired by controlled substances including cocaine, wearing sexually explicit and revealing clothing, and bearing visible bruising on her arms and body, including swollen black eyes, consistent with physical abuse;

c. Plaintiff was trafficked, at times, alongside two other female victims, one of whom was known to Plaintiff as "Willisha," at the subject hotels in a manner consistent with organized commercial sex trafficking;

d. Inside the hotel rooms rented by Plaintiff at the direction of the trafficker at the subject hotels there were suspicious people and suspicious items including controlled substances (crack cocaine and cocaine), drug paraphernalia, condoms, condom wrappers, lubricant, and stacks of cash, which were observed by housekeeping staff or should have been so observed;

e. The rooms utilized at the subject hotels exhibited signs of commercial sex work;

f. Plaintiff was forced to solicit on the premises of the subject hotels while wearing revealing clothing;

g. Plaintiff was advertised by her trafficker for commercial sex acts online through cityxguide using Wi-Fi available at the subject hotels;

h. Plaintiff's trafficker physically assaulted Plaintiff on the subject premises, including by openly beating Plaintiff in the parking lots of the subject hotels, resulting in frequent visible bruising on Plaintiff's arms and body, including swollen black eyes;

i. Plaintiff's trafficker actively sold and distributed controlled substances including crack cocaine on the subject premises, in a manner that was known or observable to Defendant's staff;

j. Plaintiff bore a visible tattoo with which her trafficker had branded her, consistent with the indicia of a victim controlled by a sex trafficker;

k. Plaintiff and her trafficker engaged in frequent and audible arguments, including loud noises and screaming, at the subject hotels which were heard and witnessed by Defendant's staff;

l. Defendant's front desk staff observed Plaintiff and other victims escorting prospective sex buyers through the hotel lobby to the rented rooms on multiple occasions;

m. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotels.

40. Upon information and belief, before and during the time period that Plaintiff was sex trafficked at the subject hotels, numerous online reviews regarding the subject properties, posted by members of the general public on Google, TripAdvisor, Yelp, and other review platforms, described encounters with individuals engaged in sex trafficking, prostitution, and related criminal activity at the subject hotels, including but not limited to the following:

a. A TripAdvisor review of the Century Hotel posted in 2015, prior to the time period Plaintiff was sex trafficked at the subject hotels, stated: "Prostitutes would stand out in the balcony completely naked, drinking booze."

b. A Google review of the Century Hotel posted in or around 2015, prior to the time period Plaintiff was sex trafficked at the subject hotels, stated: "Terrible alot of traffic and prostitute's." Defendant G6 Hospitality Property LLC publicly responded to said review, stating: "thank you for taking the time to post your review. We apologize for your unpleasant stay as a result of the concerns you describe. Safety and security are

high priorities within Motel 6 standards for quality and we regret you felt differently during your visit. We encourage you to contact our Guest Relations department at 1-855-787-9864 to record the details of your visit to help us provide a better guest experience in the future." Defendant's written response to the foregoing review constitutes a direct acknowledgment that Defendant was aware of public-facing complaints regarding criminal activity at the subject hotel.

c. A TripAdvisor review of the Century Hotel posted in 2016, prior to and during the time period Plaintiff was sex trafficked at the subject hotels, stated: "Don't let your wife walk alone at nite there prostitutes and drug dealers all around there……Sketchey."

d. A Yelp review of the Century Hotel posted in 2017, during the time period Plaintiff was being sex trafficked at the subject hotels, stated: "at night each trip on the elevator meant another sketchy person reeking of marijuana or a working prostitute answering a call from her pimp in the elevator with me."

41. The prevalence of prostitution, sex trafficking, and related criminal activity at Defendant's Motel 6 properties in Southern California was further demonstrated when, in 2017, Defendant G6 Hospitality Property LLC paid $250,000 to settle a public nuisance lawsuit brought by the Los Angeles City Attorney's Office arising from rampant prostitution, human trafficking, gang activity, and narcotics activity at another of Defendant's Motel 6 properties in Los Angeles County.

42. Defendant's staff at the subject hotels witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 39 above.

43. When being trafficked at the subject hotels intermittently from 2016 through and inclusive of 2019, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

44. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

45. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the subject hotels and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm if she did not comply, including as a result of being physically assaulted by her trafficker.

46. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for

unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

47. Plaintiff being sex trafficked at Defendant's subject hotels was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

48. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at the hotel properties, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's subject hotels in violation of the TVPRA.

49. As a consequence of being sex trafficked at the subject hotels, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotels in violation of 18 U.S.C. §1591.

50. The TVPRA's ten-year limitations period, 18 U.S.C. § 1595(c), is subject to equitable tolling. See, Arellano v. McDonough, 598 U.S. 1, 6-7 (2023), in which the court emphasized the "hornbook law" presumption that federal statutes of limitations are subject to tolling unless Congress clearly states otherwise. See also, Doe v. G6 Hospitality Franchising LLC et al, No. 3:2025-cv-00770 - Document 53 (N.D. Tex. 2025).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgement and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 5, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff